```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____
PAMELA D. WILSON,

                Plaintiff,                09-CV-6488

v.

MICHAEL S. ASTRUE,                          **ORDER**
Commissioner of Social Security,

                Defendant.

_____

## INTRODUCTION

Plaintiff, Pamela D. Wilson ("Plaintiff"), initially brought this action against the Commissioner of Social Security ("the Commissioner") after she was denied Social Security Disability Insurance Benefits on September 5, 2008. The parties stipulated to the reversal of the final decision of the Commissioner, and that the case be remanded for further proceedings pursuant to 42 U.S.C. § 405(g). Accordingly, on October 20, 2010, this Court Ordered the case remanded to the Social Security Administration.

Plaintiff now moves for an award of attorney's fees pursuant to § 2412 of the Equal Access to Justice Act ("EAJA") in the amount of $3,306.19. Plaintiff also seeks an Order directing the Commissioner to pay the fee requested directly to her attorney, Jere B. Fletcher, and that this Court specify a date by which such fees must be paid. The Commissioner does not oppose the award of fees, but argues that the fees requested are unreasonable and should be reduced. The Commissioner further argues that pursuant to

1

the Supreme Court's recent decision in <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010), the award belongs to the Plaintiff, and is therefore payable to her directly.  For the reasons set forth below, this Court grants in part and denies in part Plaintiff's Motion for Attorney's Fees.

## **DISCUSSION**

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States . . .unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A).  The parties do not dispute that the Plaintiff is entitled to an award of attorney's fees under the EAJA.  The only dispute is whether the amount requested is reasonable and to whom the fee should be paid.

A.  <u>Reasonableness of the Fees</u>

The Court must determine if the hours expended and the rates charged by Plaintiff's attorney are reasonable, which remains the burden of the fee applicant. <u>See</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983); <u>Alnutt v. Cleary</u>, 27 F.Supp.2d 395, 399 (W.D.N.Y.1998).[1]  Defendant does not object to rate charged, but

---

[1] In this Circuit, "[t]he lodestar approach governs the initial estimate of reasonable fees." <u>See</u> <u>Grant v. Martinez</u>, 973 F.2d 96, 99 (2d Cir.1992). Under this approach, "the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate." <u>See</u> <u>Hensley</u>,

contends that the hours expended in this case were excessive. See Def. Br. at 2-4.  This Court disagrees.

Plaintiff's Attorney's Affirmation in Support of EAJA Fees indicates that Plaintiff's attorney spent 18.55 hours working on Plaintiff's case, which includes the time spent preparing the instant motion. (Docket #13-1.)  The Court has broad discretion to determine the amount of time reasonably expended. See Aston v. Sec'y. of Health and Human Serv., 808 F.2d 9, 11 (2d Cir.1986). The Court is not required to "scrutinize each action taken or the time spent on it" when determining what is reasonable. See Aston, 808 F.2d at 11; see also New York Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1146 (2d Cir.1983). District courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time. See e.g., Cruz v. Apfel, 48 F.Supp.2d 226, 230 (E.D.N.Y.1999); Grey v. Chater, 1997 WL 12806 at *1 (S.D.N.Y.1997). Further, this time may include the time spent on EAJA fees applications. See Trichilo v. Secretary of Health and Human Services, 823 F.2d 702, 708 (2d Cir. 1987).  Based on these principles, and this Court's review of Plaintiff's attorney's submission regarding the hours expended in this case, this Court finds that the amount of attorney's fees requested is reasonable. Accordingly, Defendant's request for a reduction in the amount of attorney's fees is denied, and Plaintiff is awarded $3,306.19 in

---

461 U.S. at 433; Grant, 973 F.2d at 99.

attorney's fees.

B. <u>To Whom are the Fees Payable?</u>

The Supreme Court recently held that attorney's fees awarded pursuant to the EAJA are payable to the Plaintiff as the "prevailing party," not to her attorney, and therefore, such fees are subject to offset by the Government to satisfy any pre-existing debt. See <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521, 2526-7 (2010). Plaintiff argues that the Supreme Court left open the possibility that contractual assignments of rights with respect to EAJA awards provide an exception to the rule that the fees are payable to the Plaintiff.  However, District Courts in this Circuit and others have held that the award is payable to the Plaintiff in the first instance. See <u>Scott v. Astrue</u>, 2011 WL 32544 (W.D.N.Y. January 5, 2011)(Arcara, J.); <u>Stokes v. Astrue</u>, 2010 U.S. Dist. Lexis 120001 (S.D.Ind. November 10, 2010); <u>Mutt v. Comm'r of Soc. Sec.</u>, 2010 U.S. Dist. Lexis 119725 (D. Ore. November 8, 2010).  The District Courts have also determined (and the Government here does not contest) that, as is custom, the Government should mail the fees to the attorney's office.

Plaintiff cites to one case[2] in the Central District of California wherein the District Court directed the initial payment of EAJA fees to the Plaintiff's attorney pursuant to an assignment

---

[2]Plaintiff also cites to several stipulations wherein the parties in such cases agreed to direct the payment of fees to the plaintiff's attorney. However, this Court is not bound by the fact-specific stipulations entered into by the parties in other cases.

agreement.  The Court reasoned that <u>Ratliff</u> carved out an exception in cases where the Plaintiff had assigned the fee to his attorney.  However, this Court does not find that <u>Ratliff</u> provides for such a result.  The <u>Ratliff</u> Court specifically discussed the Government's previous practice of paying EAJA awards directly to attorneys where the Plaintiff did not owe a federal debt and had assigned its rights to the award to the attorney, stating that this past practice "does not compel a different conclusion."  This Court does not find that this language creates an exception to the rule.  Instead, this Court finds that <u>Ratliff</u> compels the Government to pay EAJA awards to the prevailing <u>plaintiff</u> in the case.  See <u>Scott</u> 2011 WL 32544; <u>Stokes</u> 2010 U.S. Dist. Lexis 120001; <u>Mutt</u> 2010 U.S. Dist. Lexis 119725.  Accordingly, the EAJA award is payable to the Plaintiff and subject to any outstanding federal debts.[3]

   C.   Time for Payment

As the record in this case does not indicate that the Government intends to delay the payment of fees in this case, and the Government has not objected to the Plaintiff's request, this Court grants Plaintiff's request for payment of the fee in the amount of $3,306.19 within 60 days of the date of this Order and to mail the payment to the Plaintiff's attorney.

---

[3] As this Court has determined that the EAJA award is payable to the Plaintiff pursuant to <u>Ratliff</u>, it is not necessary to consider the Government's arguments regarding the Assignment of Claims Act.

5

**CONCLUSION**

For the reasons set forth above, this Court finds that the attorney's fees requested by the Plaintiff are reasonable. Accordingly, this Court Orders the Defendant to pay Plaintiff $3,306.19, subject to any now outstanding federal debts, and to mail the award to the Plaintiff's attorney within 60 days of the date of this Order.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                  s/ Michael A. Telesca
                                                    MICHAEL A. TELESCA
                                     United States District Judge

Dated:    Rochester, New York
            April 21, 2011